UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TAMARA DUNN,　)
an individual,　)
　　)
　　Plaintiff,　)
v.　)
　　)
COLUMBUS METROPOLITAN LIBRARY )
BOARD OF TRUSTEES,　)
a public entity,　)
　　)
　　Defendant.　)
_____/

## COMPLAINT

Plaintiff, TAMARA DUNN, an individual, by and through her undersigned counsel, hereby files this Complaint and sues COLUMBUS METROPOLITAN LIBRARY BOARD OF TRUSTEES, a division of the City of Columbus, Ohio, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12131 *et. seq,* ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) and Rule 82.1, Local Rules of the United States District Court for the Southern District of Ohio.

Dockets.Justia.com

3. Plaintiff, MS. DUNN, (hereinafter referred to as "MS. DUNN"), is a resident of the State of Florida, however MS. DUNN frequently visits her daughter in Columbus, OH.

4. Plaintiff, MS. DUNN, is a qualified individual with a disability under the ADA. In 1979, MS. DUNN was diagnosed with secondary progressive Multiple Sclerosis.

5. Due to her disability, Plaintiff MS. DUNN is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant, COLUMBUS METROPOLITAN LIBRARY BOARD OF TRUSTEES (hereinafter referred to as "DEFENDANT") is a division of the City of Columbus within the meaning of 42 U.S.C. § 12132 of the ADA. The Defendant is the owner and administrator of the Columbus Metropolitan Library, which is a public entity within the meaning of 42 U.S.C. § 12132 and is located at 96 S. Grant Avenue, Columbus, Ohio, 43215. The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Ohio, Franklin County, Ohio.

### COUNT I - VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1-7 as if they were expressly restated herein.

9. The Columbus Metropolitan Library, ("the Property") is a public entity, subject to the ADA, located at 96 S. Grant Avenue, Columbus, Ohio, 43215.

10. MS. DUNN has visited the Property and plans to return to the Property in the near future.

11. During his visit, MS. DUNN experienced serious difficulty accessing the goods and utilizing

2

the services therein due to the architectural barriers discussed herein and in Paragraph 15 of this Complaint.

12. MS. DUNN continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 15 which still exist.

13. MS. DUNN plans to and will visit the Property in the future.

14. 42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in Section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

15. DEFENDANT, has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. § 12132 et. seq. and its implementing regulations 28 C.F.R. § 35.101-35.190 et. seq. by excluding and/or denying Plaintiff the benefits of its services, programs, and/or activities by failing to, *inter alia*, have an accessible public entity within five (5) years of January 26, 1992. These violations include, but are not limited to:

    A. inaccessible parking in garage due to lack of accessible striping to indicate spaces designated for disabled use in violation of ADAAG requirements;

    B. inaccessible parking due to an insufficient number, placement, excessive slopes, and improper signage of spaces designated for disabled use in violation of ADAAG requirements;

C. inaccessible parking due to failure to provide proper access aisles, in violation of ADAAG requirements;

D. there are service and librarian counters throughout the facility in excess of 36", in violation of ADAAG requirements;

E. the information computers provided for public use are not accessible due to excessive height;

F. inaccessible toilet stalls that do not comply with the ADAAG requirements;

G. the sinks in the restrooms are at improper heights, do not provide knee clearance, and do not meet the ADAAG requirements;

H. the clear floor space provided in the restrooms is inadequate and violates the provisions of ADAAG;

I. Proper grab-bars are not provided in the restrooms in violation of the ADAAG requirements;

J. the paper towel and toilet paper dispenser are provided outside of reach range and are not accessible; and

K. the computer carrels provided for public use are not accessible due to inadequate knee clearance.

16. The discriminatory violations described in Paragraph 15 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's public entity in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Independent of her intent to return as a patron to the library located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

19. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

20. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the services, programs, and activities located therein.

21. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by DEFENDANT pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

    A. That the Court declare that the Property owned and administered by DEFENDANT is in violation of the ADA;

    B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel.: (305) 891-1322
Fax: (305) 891-4512

By: _____
Ku & Mussman, P.A.
Attorney for Plaintiff
James B. Reese, III, Esq.
The Law Office of James B. Reese, III
35 East Gay Street, Suite 220
Columbus, OH 43215
Tel.: (614) 462-0290
Fax: (305) 891-4512
jreese@reeseattorneys.com
Bar ID No.: 0081710